**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DULCE GARCIA,**

    **Petitioner,**

v.                                                              Case No. 4:21cv138-MW/MAF

**ERICA STRONG, WARDEN,**
**FCI-Tallahassee,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about March 10, 2021, Dulce Garcia, a federal prisoner proceeding pro se, filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. After direction from this Court, ECF No. 3, Petitioner filed an amended § 2241 petition, on the proper form, ECF No. 4. *See* ECF No. 8 (service copy). Petitioner indicates she challenges the execution of her sentence and specifically asserts the Bureau of Prisons (BOP) has denied her transfer to home confinement. ECF No. 4.

On June 11, 2021, Respondent filed an answer, with exhibits. ECF No. 9. Petitioner Garcia has not filed a reply, although she was given the opportunity to do so. *See* ECF No. 5.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes the amended § 2241 petition should be denied.

## Background

Petitioner Garcia is incarcerated at FCI-Tallahassee, serving a sentence imposed by the U.S. District Court for the Northern District of Texas in case number 3:15cr194-B. *See* ECF No. 4 at 2; ECF No. 9-1; www.bop.gov/inmateloc. Her current release date is June 27, 2029. *See* ECF No. 9-1; www.bop.gov/inmateloc.

Garcia has filed this § 2241 petition asserting the BOP improperly denied her transfer to home confinement. ECF No. 4 at 3-4. She raises three grounds in her amended petition, all concerning that denial:

(1) "BOP is violating 28 CFR Section 551.90" because Petitioner has "been denied a review for transfer to home confinement based on [her] national origin/race." *Id*. at 3.

(2) "8th Amendment Violation" as the "[d]enial of a review for home confinement is cruel and unusual punishment, in execution of the sentence, where non-citizens are left in a housing unit at double capacity, increasing likelihood of injury." *Id*.

(3) "14th Amendment Violation" as the "Equal Protection Clause is violated in the execution of the sentence, based on race/national origin in denying Cares Act Review for transfer." *Id*. at 4.

Petitioner has not filled in the section indicating the relief she requests. *Id*. at 6.

Respondent filed an answer, with exhibits, asserting the amended petition should be denied because Garcia did not exhaust her administrative remedies and because the BOP did not abuse its discretion in not selecting Garcia for CARES Act Home Confinement. ECF No. 9. Regarding exhaustion, Respondent asserts that neither the BOP nor FCI Tallahassee has any record of Garcia ever filing an administrative remedy or requesting consideration for CARES Act Home Confinement, although Garcia has indicated in her amended petition that she has done so, and the petition should be denied for this reason alone. *Id*. at 5. In addition, Respondent asserts BOP staff automatically reviewed Garcia for CARES Act Home Confinement eligibility, but Garcia does not qualify because she has an active detainer from Immigration and Customs Enforcement (ICE), and because she has not yet served 50% or more of her prison sentence. *Id*. at 6-7. Nothing indicates the BOP abused its discretion in applying the CARES Act Home Confinement criteria. *Id*. at 8-9.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See* United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See id.* at 212-14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the

Case No. 4:21cv138-MW/MAF

continuation or execution of an initially valid confinement. *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In her amended § 2241 petition, Garcia indicates she challenges the execution of her sentence. ECF No. 4. Specifically, although she does not request any specific relief, *see id*. at 6, she challenges the BOP's decision

finding her ineligible for CARES Act Home Confinement, *id*. at 3-4.

The U.S. Attorney General, acting through the BOP, administers a federal defendant's sentence. 18 U.S.C. § 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and statutory construction. *See* Rodriguez, 60 F.3d at 747. "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)). If the statute is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'" *Id*. (quoting Chevron, 467 U.S. at 844).

As Respondent asserts, Garcia did not exhaust her administrative remedies regarding the BOP's determination of CARES Act Home Confinement ineligibility. Respondent has attached to its answer the declaration of Deborah Colon, Executive Assistant, FCI Tallahassee. ECF

No. 9-2. Ms. Colon serves as the Administrative Remedy Coordinator for FCI Tallahassee and she explains the administrative remedy process as well as administrative remedy records. *Id*. at 3-5; see ECF No. 9-4. She reviews administrative remedy submissions filed by inmates and has access to BOP records. ECF No. 9-2 at 2-5. She states that "[a] review of Petitioner's administrative history reveals that Petitioner has not exhausted her administrative remedies related to this or any other issue because there is no record of her ever having filed an administrative remedy while in BOP custody." ECF No. 9-2 at 5; *see* ECF No. 9-5.

The Eleventh Circuit Court of Appeals has held, in Santiago-Lugo v. Warden, 785 F.3d 467 (11th Cir. 2015), that a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect, overruling its earlier decision in Gonzalez v. United States, 959 F.2d 211 (11th Cir. 1992). The court explained that exhaustion of administrative remains a requirement, "it's just not a jurisdictional one." Santiago-Lugo, 785 F.3d at 475.

> What its non-jurisdictional nature means is that a court need not inquire into exhaustion on its own. A court has the discretion to accept or reject a concession from the respondent that administrative remedies have been exhausted. And because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout

> the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question.

*Id*. at 475 (citations omitted).

Even if she had properly exhausted administrative remedies, Petitioner Garcia's challenge fails on the merits. Pursuant to 18 U.S.C. § 3621(b), the BOP has the authority to "designate the place of the prisoner's imprisonment," including placing a prisoner in home confinement for a portion of the prisoner's prison term, as provided in 18 U.S.C. § 3624(c)(2). *See* McKune v. Lile, 546 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *see also, e.g.*, Burg v. Nicklin, No. EP-19-CV-24-FM, 2019 WL 369153, * (W.D. Tex. Jan. 29, 2019) (explaining, in order denying petition for writ of mandamus that requested court to order respondent to immediately release inmate to home detention, "§ 3621(b) gives the BOP the authority and discretion to designate a prisoner's place of confinement" and, further, "[t]he Supreme Court has consistently held that a prisoner has no constitutional right to be confined in a particular place"). Specifically, the home confinement statute, 18 U.S.C. § 3624(c)(2), provides:

> **Home confinement authority. –** The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

As a result of the COVID-19 pandemic, the CARES Act provides that the BOP Director "may lengthen the maximum amount of time which the Director is authorized to place a prisoner in home confinement" if "the Attorney General finds that emergency conditions will materially affect the functioning" of the BOP. CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), § 12003(b)(2); *see, e.g.*, Touizer v. Carvajal, No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021). "The Attorney General made those findings on April 3, 2020, conferring on BOP the authority to expand its use of house confinement." United States v. Phillips, No. 6:16cr198-Orl-28GJK, 2020 WL 2219855, at *1 (M.D. Fla. May 7, 2020). "The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement." *Id.*; *see* Touizer, 2021 WL 3829618 at *2. Indeed, a district judge in the Southern District of Florida has explained, in considering a federal inmate's request for placement in home confinement, this authority remains exclusive to the BOP:

Case No. 4:21cv138-MW/MAF

Based on the clear statutory language of 18 U.S.C. § 3624(c)(2) and § 12003(b)(2) of the CARES Act, this Court has no authority to grant Defendant's request for placement in home confinement. "The CARES Act did not remove the exclusive authority of the BOP to designate the place of an inmate's confinement. 'The Attorney General – and by delegation the BOP – has exclusive authority and *discretion* to designate the place of an inmate's confinement.'" Phillips, 2020 WL 2219855, at *1 (quoting Burg v. Nicklin, No. EP-19-CV-24-FM, 2019 WL 369153, at *3 (W.D. Tex. Jan. 29, 2019)); *see also* United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973, at *1 (N.D. Ala. Apr. 22, 2020) ("The BOP designates the place of defendant's imprisonment. The Court does not have authority to dictate placements to the BOP. While the CARES Act gives the BOP broad discretion to ***expand*** the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision." (citing 18 U.S.C. § 3621(b); United States v. Cosby, 180 F. App'x 13, 13 (10th Cir. 2006); United States v. Engleson, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while the court can make a recommendation, the BOP retains the ultimate decision of whether to release an inmate to home confinement)) (quoting United States v. Read-Forbes, No. CR 12-20099-01-KHV, 2020 WL 1888856, *5 (D. Kan. Apr. 16, 2020))).

> It is important to understand that a request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release. The BOP is utilizing its authority under 18 U.S.C. [§ 3624(c)(2)] . . . — not the compassionate release provision of 18 U.S.C. § 3582(c) — to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. [This statute does] not authorize a federal court to order the BOP to release a prisoner. *See* United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under § 60541(g)(1)(A) the

Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); *see also* <u>United States v. Lovelace</u>, No. 12-402, 2014 WL 4446176, at *2 (N.D. Ga. Sept. [9,] 2014) ("[T]he Court has no authority to grant Defendant's request and order the Bureau of Prisons to release Defendant to a halfway house." (citing 18 U.S.C. §§ 3621(b) & (b)(5))).

<u>United States v. Collins</u>, No. CR 616-014, 2020 WL 2529487, at *1 (S.D. Ga. May 18, 2020) (footnote omitted); <u>United States v. Smith</u>, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *3 (M.D. Fla. May 15, 2020) ("[U]nder the CARES Act, the determination of whether inmates qualify for home confinement rests with the BOP Director, and the Court lacks authority to direct the BOP to release the defendant to home confinement[.]" (citing <u>United States v. Robles</u>, CR 3:17-343, 2020 WL 2306847, at *5 (M.D. Pa. May 8, 2020))).

Indeed, the CARES Act "has nothing to say about the district court's authority to order home confinement during the covered emergency period." <u>Daniels</u>, 2020 WL 1938973, at *2. Instead, "under the CARES Act, the BOP, through the Attorney General's delegation, retains the 'exclusive authority and sole discretion to designate the place of an inmate's confinement,' including home confinement." *Id.*; *see also* <u>de Jesus v. Woods</u>, No. 2:19-cv-121-WHA, 2019 WL 3326199, *4 (M.D. Ala. June 21, 2019) (BOP has the "exclusive authority and sole discretion" to place inmates in home confinement (quoting <u>Deffenbaugh v. Sullivan</u>, No. 5:19-HC-2049-FL, 2019 WL 1779573, *1 (E.D.N.C. Apr. 23, 2019))); <u>United States v. Campbell</u>, No. 3:12-CR-24 (CAR), 2014 WL 12911957, *1 (M.D. Ga. Sept. 17, 2014) ("Defendant's request to be placed on home confinement lies within the sole discretion of the BOP, and any order from this Court would merely be a recommendation to the BOP to consider placing Defendant in home confinement." (citing 18 U.S.C. § 3621(b))). Because the Court lacks authority to grant the

   requested relief under 18 U.S.C. § 3624(c)(2) and § 12003(b)(2) of the CARES Act, this request is denied.

United States v. Alvarez, No. 19cr20343-BLOOM, 2020 WL 2572519, at *2-3 (S.D. Fla. May 21, 2020) (order denying motion requesting placement on home confinement). Thus, "[t]he Attorney General – and by delegation – the BOP – has the exclusive authority and *discretion* to designate the place of an inmate's confinement." Burg, 2019 WL 369153 *3; *see, e.g.*, Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) ("A person convicted of a crime against the United States and sentenced to confinement is committed by statute to the custody of the Attorney General at a place to be designated solely by the Attorney General."); Ledesma v. United States, 445 F.2d 1323, 1324 (5th Cir. 1971).

  Garcia has not shown the BOP abused its discretion in finding her ineligible for CARES Act Home Confinement. Respondent has attached the declaration of Kimberly Harvey, Case Management Coordinator, FCI Tallahassee. ECF No. 9-6. Ms. Harvey explains she serves "as the institution's Compassionate Release/Reduction in Sentence ("RIS") coordinator" and she is "also one of the reviewing officials when an inmate requests to be considered for Home Confinement under the CARES Act." *Id*. at 2. She further explains that Garcia was reviewed several times for

CARES Act Home Confinement, evaluated pursuant to the nine criteria, and found ineligible for at least two reasons:

    3.    On April 3, 2020, the BOP issued its first "Memorandum for Chief Executive Officers" that included guidance on implementing the Attorney General's March 26, 2020 memorandum for the BOP's director regarding "prioritization of home confinement as appropriate in response to COVID-19 pandemic." The most recent CARES Act Home Confinement guidance from the BOP came down on April 19, 2021 by way of a memorandum superseding the previous version of the memorandum issue[d] on November 16, 2020. [That April 2021 memorandum is attached, ECF No. 9-7.]

    4.    In the most recent guidance regarding placement of certain inmates pursuant to CARES Act Home Confinement, institution staff are required to consider nine distinct criteria in assessing whether an inmate qualifies. Relevant to this case are the fourth and ninth criteria. The fourth criterion requires "[c]onfirming the inmate does not have a current detainer," and the ninth criterion requires "[c]onfirming the inmate has served 50% or more of their sentence; or has 18 months or less remaining on their sentence and have served 25% or more of their sentence."

    5.    I am generally aware of the allegations set forth by federal inmate Dulce Garcia, Federal Register Number 49379-177 [hereinafter "Petitioner"] related to her claim that she was denied CARES Act Home Confinement because of her national origin.

    6.    Petitioner was automatically reviewed for CARES Act Home Confinement on May 15, 2020, and she was determined to be ineligible for the same reasons she remains ineligible as of the signing of this Declaration. Petitioner was automatically reviewed for CARES Act Home Confinement, and she was reviewed each time the CARES Act Home Confinement

> Guidance was updated. Petitioner has had a PATTERN score of Minimum and Low. She was reviewed for CARES Act Home Confinement in April 2020, May 2020, November 2020, and April 2021. Petitioner does not qualify for CARES Act Home Confinement for at least two distinct reasons.

Ex. 9-6 at 2-3. Harvey then explains the reasons Garcia is ineligible for CARES Act Home Confinement:

> 7. First, according to the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), placed a detainer hold on Petitioner on April 21, 2016. The presence of a current and active detainer precludes an inmate from CARES Act Home Confinement referral pursuant to the authority and discretion of the BOP, as most recently outlined in the April 19, 2021 memorandum guidance previously cited. It is the presence of an active detainer lodged by ICE – not an inmate's nation of origin – that factors in to the BOP's decision to preclude inmates with detainers from CARES Act Home Confinement. Accordingly, Petitioner is ineligible for CARES Act Home Confinement because of the existence of this ICE detainer.
>
> 8. Second, as of May 10, 2021, when I most recently reviewed Petitioner's SENTRY records and length of sentence, I confirmed she has not served at least 50% of her sentence. Petitioner was sentenced on February 18, 2016 to 200 months for Conspiracy to Commit Money Laundering, an offense that is not violent, not a sex offense, and not terrorism. As of May 10, 2021, her percentage of Full Term served is only 36.4%, and her percentage of Statutory Term is only 42.7%. Accordingly, Petitioner has far more than 18 months remaining yet to serve; her projected release date is June 27, 2029.
>
> 9. An inmate who has not served at least 50% of their sentence – or who has more than 18 months remaining on their sentence – is precluded from CARES Act Home Confinement referral pursuant to the authority and discretion of the BOP, as

most recently outlined in the April 19, 2021 memorandum guidance previously cited.  Accordingly, Petitioner is ineligible for CARES Act Home Confinement because of the length of time remaining on her sentence and the fact that she has not served 50% or more of that sentence.

      10.   Petitioner remains ineligible for CARES Act Home Confinement referral because (1) ICE has a current and active detainer filed with the BOP for Petitioner's removal from the United States upon completion of her sentence; and because (2) she has not yet met the minimum incarceration service requirement for consideration.

*Id*. at 3-5.   Thus, as Respondent asserts, BOP staff automatically reviewed Garcia for CARES Act Home Confinement and found her ineligible because of criteria applicable to all inmates; that is, she has an active detainer and she has not yet served 50% of her prison sentence.   *See* ECF No. 9 at 9.

## Conclusion

Petitioner Garcia has not shown the BOP abused its discretion in finding her ineligible for CARES Act Home Confinement.  It is therefore respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 4) be **DENIED.**

**IN CHAMBERS** at Tallahassee, Florida, on September 10, 2021.

                                                         S/ Martin A. Fitzpatrick
                                                         **MARTIN A. FITZPATRICK**
                                                         **UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.